UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY T. OUTLAW,           )
                           )
        Petitioner         )
                           )
    v.                     )     CAUSE NO. 3:08-CV-439 RM
                           )
SUPERINTENDENT, WABASH     )
VALLEY CORRECTIONAL FACILITY, )
                           )
        Respondent         )

OPINION AND ORDER

Petitioner Larry Outlaw, a prisoner confined at the Wabash Valley Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Indiana State Prison. Under Rule 4 of the Rules Governing Section 2254 Cases, district courts must review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence"

to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

According to the petition and its attachments, the disciplinary Hearing Board ("DHB") found Mr. Outlaw guilty of battery against a correctional officer, sentenced him to a year in disciplinary segregation, and imposed a loss of 180 days of earned credit time. Mr. Outlaw appealed unsuccessfully to the Superintendent and the final reviewing authority.

In his first ground, Mr. Outlaw asserts that he was denied the opportunity to present evidence because at screening he requested "the following physical evidence: 1) [a] lie detector's (sic) test; 2.) DNA sample of the noted saliva." (Petition at p. 3). In ground two, he says prison officials didn't test the saliva on Officer Andrew's uniform or preserve the spittle as evidence.

If prison officials had given Mr. Outlaw a lie detector test or done a DNA test on the saliva on Officer Andrew's uniform, then he could request the results of those tests as exculpatory evidence. But prison officials didn't conduct these tests, and the final reviewing authority told Mr. Outlaw "the Department does not have to provide [you] what does not exist." (Docket #1-2 at p. 6). That the facility didn't conduct these tests at Mr. Outlaw's request does not violate his due process rights. Wolff v. McDonnell does not guarantee Mr. Outlaw the right to request that prison officials perform forensic tests or a lie detector test.

In ground two of his petition, Mr. Outlaw argues that the evidence was insufficient to support a finding of guilt, and in ground three he states that "the physical evidence relied on [by the DHB] to reach a decision was the video reviewd [by the board] but never

was it seen that Petitioner committed a charge of Battery." (Petition at p. 3). He asserts that the security videotape of the incident did not support the charge of battery. In his view, videotape merely "show[s] Petitioner doing a lot of movement. The Officer['s] back blocking the view." (*Id.*).

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 457. The Constitutional standard of "some evidence" is met if:

> there is some evidence from which the administrative tribunal could be deduced . . .. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Indeed, the relevant question is whether there is any evidence in the record that could the support the conclusion reached by the disciplinary board.

Superintendent v. Hill, 472 U.S. at 455-456.

The petitioner attached to his petition a copy of the Video Review Form that the chairman filled out after the DHB viewed the videotape. The Video Review Form states "[t]his video camera shows the offender doing a lot of movement behind the front gate. The video does show the gate moving. Anything else [that] takes place is obstructed by the back of the officer." (Docket #1-2 at p. 2). Mr. Outlaw is correct that the videotape doesn't provide sufficient evidence to find him guilty of battery, but other evidence in the record

3

supports the charge. In his review of the case, the facility head noted "[w]e have the sworn statement of Officer Andrews that you did spit on him resulting in your saliva on his face and coat. A picture recorded the saliva on his coat." (Docket #1-2 at p. 5).

As long as there is any evidence in the record that could the support the conclusion reached by the disciplinary board, it is sufficient to support the DHB's finding of guilt. Superintendent v. Hill, 472 U.S. at 455-456. Officer Andrew's sworn statement that Mr. Outlaw spit on him and the photograph taken of the spittle on his coat is sufficient evidence to support the DHB's finding of guilt.

For the foregoing reasons, the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED.

DATED: October  20 , 2008

                                        /s/ Robert L. Miller, Jr.  
                                      Chief Judge  
                                      United States District Court